STATE of Indiana, Appellant–Plaintiff,

v.

Robin MONTGOMERY, Appellee–
Defendant.

No. 58A01–0806–CR–273.

Court of Appeals of Indiana.

June 16, 2009.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Merritt K. Alcorn, Alcorn Goering & Sage, Madison, IN, Attorney for Appellee.

### OPINION ON REHEARING

BROWN, Judge.

The State and Montgomery both petition for rehearing of a published opinion in which we found that discharge of Montgomery's case was not proper under Ind. Crim. Rule 4(C) or his constitutional speedy trial right. *State v. Montgomery*, 901 N.E.2d 515, 519, 522 (Ind.Ct.App. 2009). However, we also held that, "[i]n light of the State's pattern of failure in complying with Montgomery's discovery requests and the trial court's orders, we do not find clear error in the trial court's grant of Montgomery's motion for dis-

charge." *Id.* at 523. Nevertheless, we remanded because "the trial court's order is unclear as to the basis for Montgomery's discharge. The order addresses both speedy trial and discovery issues interchangeably and then concludes that the motion for discharge should be granted. We find that remand is appropriate for the court to clarify its basis for discharge." *Id.*

■ On rehearing, the State argues that we erroneously stated:

> [T]he State maintains that Montgomery "was aware of the photographs, had access to them, and had even seen them in the presence of the fire investigator who possessed them." Appellant's Brief at 16. However, the State has failed to cite to any evidence in support of these assertions.

*Id.* The State argues that it did cite evidence in support of its argument, that we ignored this evidence, and that our finding is therefore erroneous.

The photographs at issue are 200 photographs taken of the crime scene which Montgomery received 12 days before trial, *some of which* he claimed not to have seen before and claimed were exculpatory. *Id.* at 519. Montgomery therefore argued that the charges against him should be dismissed because of the State's pattern of discovery violations.

In maintaining that it had not committed a discovery violation by failing to provide these exculpatory photographs at an earlier date, the State argued that Montgomery "was aware of the photographs, had access to them, and had even seen them in the presence of the fire investigator who possessed them." Appellant's Brief at 16. In support of this assertion, the State cited a deposition taken by Montgomery's previous attorney of the fire investigator who took the photographs. In this deposition, the investigator references at most ninety-five photographs, ten of which are of the

second floor of the damaged house. *See* Appellant's Appendix at 279–282. "[T]he majority of the remaining photographs are of the downstairs." *Id.* at 282. This deposition does not establish that Montgomery had previously received 200 photographs of the damaged structure and, in particular, does not establish that he received the allegedly exculpatory photographs that formed the basis of his motion for discharge.

■ The other citation provided by the State was to its own argument to the trial court that Montgomery had previously received the photographs in question. *See* Transcript at 77. Previous arguments made by counsel at another phase of litigation are not evidence that those same arguments are correct on appeal.

Montgomery never disputed that he had received *some* photographs. Rather, he argued that the State had withheld certain exculpatory photographs until 12 days before trial. In arguing that Montgomery "was aware of the photographs, had access to them, and had even seen them in the presence of the fire investigator who possessed them," the State cited evidence establishing that Montgomery was aware of, at most, ninety-five photographs. *Montgomery,* 901 N.E.2d at 523. Our finding that the State failed to cite to any evidence in support of its argument that Montgomery had previously received the allegedly exculpatory photographs is therefore not erroneous.

■ Next, in Montgomery's petition for rehearing, Montgomery argues that the trial court's grant of his motion for discharge should be affirmed, rather than remanded, because we found "no clear error with the trial court's grant of the motion to discharge based on grounds of discovery violation." Montgomery's Petition for Rehearing at 5. Montgomery also points out that the trial court judge who

granted the motion for discharge has retired from the bench and is unavailable to clarify the basis for discharge.

However, while we found no clear error with the trial court's grant of the motion for discharge if based on grounds of discovery violations, we also found that discharge was not proper under Ind.Crim. Rule 4(C). To affirm an order that may have an improper basis would be an inappropriate exercise in discretion. As for the status of the judge who issued the order in question, the trial rules provide procedures for handling the case on remand.

We therefore grant the petition for rehearing and affirm our earlier decision remanding this case to the trial court.

ROBB, J., and CRONE, J., concur.